UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
ACTORS' EQUITY ASSOCIATION, :
:
                Plaintiff, :
: Civil Action No.
        vs. :
:
RC CHRISTMAS LLC, :
:
                Defendant. :
:
------------------------------------------------------------- x

## COMPLAINT TO CONFIRM
## AND ENFORCE ARBITRATION AWARD

      Plaintiff Actors' Equity Association ("AEA"), by its attorneys, Cohen, Weiss and Simon LLP, as for its Complaint against RC Christmas LLC ("RC Christmas"), alleges as follows:

### INTRODUCTION

      1.     This is an action to confirm and enforce a labor arbitration award under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C §185. This action arises from RC Christmas's refusal to pay various amounts owed under a collective bargaining agreement and individual employment contracts for the production "Ruben and Clay's Christmas Show" as ordered by an arbitration award dated February 3, 2020. AEA seeks a judgment confirming the arbitration award, ordering RC Christmas to comply with its terms, and awarding attorney's fees.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction of this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. §1331.

3. Venue lies in this judicial district under Section 301(c) of the LMRA, 29 U.S.C. § 185(c), because RC Christmas transacts business in New York and AEA maintains its principal office in this judicial district and its officers and agents represent and act for employee members in this judicial district.

## THE PARTIES

4. Plaintiff AEA is a labor organization within the meaning of Section 301(b) of the LMRA, 29 U.S.C. § 185(b). AEA exists for the purposes of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment and conditions of work. AEA is the collective bargaining representative for more than 50,000 actors and stage managers in the entertainment industry, an industry affecting commerce within the meaning of Section 2(7) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(7). AEA has a principal place of business at 165 West 46th Street, New York, NY 10036.

5. Upon information and belief, RC Christmas is a limited liability company with a principal place of business at 214 W 50th Street, Suite 300, New York, NY 10019. RC Christmas transacts business in the State of New York and is an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2).

## THE UNDERLYING ARBITRATION PROCEEDING

The Labor Agreement

6. At all times relevant to this proceeding, AEA and RC Christmas were parties to a collective bargaining agreement entitled Independent Producer's Agreement for Production Contract ("Independent Producer's Agreement"). A copy of the Independent Producer's Agreement is attached hereto as Exhibit A.

7. The Independent Producer's Agreement bound RC Christmas to the Equity/League Production Contract ("Production Contract"), an agreement between Equity and

the Broadway League that covers most Broadway shows, with certain modifications. A copy of the Production Contract is attached hereto as Exhibit B.

8. The Independent Producer's Agreement and the Production Contract (collectively "CBAs") covered terms and conditions of the actors and stage managers in a production entitled "Ruben and Clay's Christmas Show."

9. In addition to the CBAs, all individual performers participating in the production entered individual employment contracts with RC Christmas, enforceable under the CBAs. *See* Exhibit B at Section 16 ("Contract").

10. Section 4 ("Arbitration and Grievance") of the Production Agreement provides that "any disputes between a Producer and/or the League and the Actor and/or Equity relating to the interpretation or application of the Collective Bargaining Agreement between Equity and the League" shall first be submitted to a Grievance Committee. If the dispute is not decided by the Grievance Committee, the dispute may then be submitted to arbitration. Disputes regarding breaches of individual employment contracts are within the scope of the arbitration clause. *See, e.g.*, Sections 10 ("Breaches by Producer), 13 ("Claims").

11. Section 4(D)(2) of the Production Contract states that "The award of the Arbitrator shall be final and binding on all parties."

12. Section 2(B) of the Independent Producer's Agreement deletes all provisions in the Production Contract providing for a Grievance Committee, but states that the Production Contract's "Arbitration provisions remain in full force and effect."

13. For this reason, disputes under the Independent Producer's Agreement and any individual employment contracts enforceable under the Independent Producer's Agreement are submitted directly to arbitration.

The Dispute and Arbitration Award

14. In 2018, RC Christmas, an entity operated by producer Jeffrey Chrzczon, decided to present a limited-run Broadway Christmas variety show reuniting former *American Idol* contestants Clay Aiken ("Aiken") and Ruben Studdard ("Studdard"). The show was entitled "Ruben and Clay's Christmas Show."

15. The show ran for three and a half weeks at the Imperial Theater on Broadway, from December 7, 2018 to December 30, 2018.

16. RC Christmas signed the Independent Producer's Contract described above to cover this production.

17. In addition to the Independent Producer's Contract, Aiken, Studdard, and all other individual performers involved in the production signed individual employment agreements that were enforceable under the Independent Producer's Contract.

18. Aiken's individual employment agreement provided that he would receive Equity minimum rehearsal pay during rehearsal weeks and then $25,000 per performance week plus an additional 20% payment per week to his agent and manager for a total of $30,000 per week.

19. Rehearsals for the show began in late November 2018.

20. Aiken, Studdard and the other performers attended rehearsals prior to the show and then engaged in three and a half weeks of performances.

21. RC Christmas paid Studdard in full in accordance with his individual employment contract.

22. However, RC Christmas failed to pay Aiken for two performance weeks -- the weeks ending on December 16, 2018 and December 23, 2018.

23. In accordance with Aiken's individual employment contract, RC Christmas owes Aiken $25,000 for each of these weeks plus an additional $5,000 per week in payments to his agent and manager, for a total of $60,000 owed.

24. In addition to the compensation owed to Aiken, RC Christmas also failed to make various additional required payments including portions of one other performer's salary, three performers' 401(k) deferral contributions, agent commission deductions for four performers, AEA working dues and certain petty cash receipts.

25. On September 25, 2019, AEA sent RC Christmas a written demand for arbitration with respect to the failure of RC Christmas to pay various amounts owed under the CBAs and individual employment contracts for the production of "Ruben and Clay's Christmas Show."  A copy of the demand for arbitration is attached hereto as Exhibit C.

26. On December 6, 2019, AEA and RC entered a Stipulation of Facts for submission to the arbitrator.  A copy of the Stipulation of Facts is attached hereto as Exhibit D.

27. In the Stipulation of Facts, AEA and RC Christmas stipulated that AEA and RC Christmas were parties to a collective bargaining agreement entitled the Independent Producer's Agreement for Production Contract that covered the terms and conditions of the actors and stage managers in the production of "Ruben and Clay's Christmas Show."

28. In the Stipulation of Facts, RC Christmas also admitted that it owed the following amounts pursuant to the CBAs:

> Salaries:
> Julian Diaz-Granados-        **$2,136.90** (bounced check from w.e. 12/23)
>
> 401(k) deferral contributions (for w.e. 12/30)
> Farah Alvin-        **$80.13**
> James Harker-        **$640.73**
> Cherie B. Tay-        **$693.35**

<u>AEA Working Dues:</u>
AEA Dues at 2.375%-    **$7,309.73**
Farah Alvin (annual dues reimbursement)-    **$85.00**

<u>Agent Commission Deductions (5% rehearsals/10% performances):</u>
Farah Alvin (DGRW)-    **$942.76**
Julian Diaz-Granados (The Mine)-    **$908.18**
La'Nette Wallace (Daniel Hoff Agency)-    **$908.18**
Khaila Wilcoxon (The Mine)-    **$908.18**

<u>Miscellaneous:</u>
James Harker (petty cash receipts)-    **$734.24**

**TOTAL:**    **$15,347.38**

29. Arbitrator Alan R. Viani conducted a hearing attended by representatives of AEA and RC Christmas on December 10, 2019.

30. On February 4, 2020, Arbitrator Viani delivered to AEA and RC Christmas a copy of a labor arbitration award (the "Award") dated February 3, 2020. A copy of the Award is attached hereto as <u>Exhibit E</u>.

31. In the Award, Arbitrator Viani concluded RC Christmas is "in breach of the CBAs for failure to pay Aiken the amounts he is owed pursuant to [his individual employment contract] for the weeks ending December 16 and 23, 2018."

32. In the Award, Arbitrator Viani rejected RC Christmas's defense that RC Christmas's contractual obligation to pay Aiken was somehow voided by Aiken's refusal to participate in a subsequent tour.

33. In the Award, Arbitrator Viani granted AEA's grievance in its entirety and directed RC Christmas to pay the amounts owed to Clay Aiken pursuant to his individual employment contract, for the weeks ending December 16, 2018 and December 23, 2018.

34. In the Award, Arbitrator Viani also directed RC Christmas to pay all amounts owed as listed in the Stipulation of Facts.

35. AEA contacted RC Christmas multiples times in an effort to enforce the Award.

36. To date, the Employer has refused to comply with the Award and has failed to make any payments in accordance with the Award.

37. This Complaint is brought within one year of the delivery of the Award to AEA and RC Christmas, and the Award has not been vacated, modified or corrected upon any ground specified in 9 U.S.C. § 9.

## CAUSE OF ACTION

38. Plaintiff repeats and realleges the allegations in paragraphs 1 through 37 above.

39. In failing to abide by the terms of the Award, RC Christmas has breached its obligations under the parties' Agreement in violation of Section 301 of the LMRA.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff AEA respectfully requests that this Court issue a judgment in favor of plaintiff AEA:

(a) Confirming the Award;

(b) Ordering defendant RC Christmas to pay a total of $75,347.38 in accordance with the Award;

(c) Ordering defendant RC Christmas to pay reasonable attorney's fees incurred by AEA together with the costs and disbursements of this proceeding; and

(d) Providing such other and further relief as this Court may deem just and proper.

- 8 -

Dated: February 3, 2021
      New York, New York

Respectfully submitted,

*/s/ Olivia R. Singer*

Olivia R. Singer
COHEN, WEISS and SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
Telephone: (212) 356-0206
Facsimile: (646) 473-0206
osinger@cwsny.com

*Attorney for Plaintiff*
*Actors' Equity Association*